IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:12-cr-00089-01

DONEVEN S. BAILEY, JR.,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

The Court has reviewed the Defendant's *Motion for Reduction of Sentence Pursuant to Amendment 782* (Document 98). On November 2, 2014, the United States Sentencing Guidelines were amended to reduce the guidelines in Section 2D1.1 by two levels for most drug offenses. (U.S.S.G. Amendment 782, Appx. C). Section 1B1.10 gives retroactive effect to these reductions and sets an effective date of November 1, 2015, for retroactively reduced sentences. On August 12, 2015, the Court entered an *Order* (Document 105) appointing the Federal Public Defender to represent the Defendant and directing the parties to respond with their positions respecting application of Amendment 782 to the Defendant's case.

The Court has received and considered the original Presentence Investigation Report (PSR), original Judgment and Commitment Order and Statement of Reasons, plea agreement, and the addendum to the PSR from the Probation Officer. In addition, the Court has reviewed the responses from the United States (Document 107) and the Defendant (Document 108), submitted

pursuant to the Court's *Order* (Document 105). The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

The Defendant pled guilty to conspiracy to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 846, on August 30, 2012. The PSR attributed 96 grams of actual oxycodone to the Defendant, which converts to a total of 643.2 kilograms of marijuana equivalency. That corresponded to a base offense level of twenty-eight (28). He received a three-level reduction for acceptance of responsibility, resulting in a total offense level of twenty-five (25). The Defendant had five criminal history points at the time of his conviction, resulting in a criminal history category of III. His original guideline range was 70 to 87 months. On January 10, 2013, the Court imposed a sentence of eighty-seven (87) months.

Under the amended United States Sentencing Guidelines, the Defendant's total offense level is twenty-three (23). The revised guideline imprisonment range is 57 to 71 months. He is, therefore, eligible for a sentencing reduction.

During his term of incarceration, the Defendant has paid a portion of his special assessment through his participation in the inmate financial responsibility program. He completed both the 40-hour and the 100-hour drug programs offered by the Bureau of Prisons, and is on the wait list for the 500-hour residential drug program. The Defendant also completed the UNICOR Industrial Sewing Training Class. He has received four incident reports during his term of incarceration, all for refusing work assignments. He received sanctions for each incident report.

The United States does not object to a sentencing reduction for the Defendant, and urges a sentence near the top of the amended guideline range. The Defendant argues that, although he was originally sentenced to the top of his guideline range, he should receive a sentence reduction to fifty-seven (57) months, at the bottom of his amended guideline range.

Having considered the Defendant's original and amended guideline ranges, the original sentencing materials, the addendum to the PSR, and the parties' responses, the Court **ORDERS** that the Defendant's base offense level be reduced by two levels, to twenty-six (26). After the three-level decrease for acceptance of responsibility, the Defendant's new total offense level is **twenty-three (23)**. Given his criminal history category of **III**, the revised guideline imprisonment range is **57 to 71 months.** The Court **ORDERS** that the Defendant's sentence be **REDUCED** to seventy-one **(71) months**. The Court further **ORDERS** that the *Motion for Reduction of Sentence Pursuant to Amendment 782* (Document 98) be **GRANTED.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: December 4, 2015

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA